# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SAMUEL DE DIOS,<br><br>Plaintiff,<br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA and BROADSPIRE SERVICES, INC.,<br><br>Defendants. | No. C 18-4015-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANT BROADSPIRE'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR CERTIFICATION FOR INTERLOCUTORY APPEAL** |

_____

This case is before me on defendant Broadspire's June 25, 2018, Motion For Reconsideration Or, In The Alternative, For Certification For Interlocutory Appeal. That Motion relates to my June 13, 2018, Opinion And Order Regarding Defendant Broadspire's Motion To Dismiss And Regarding Certification Of Questions To The Iowa Supreme Court. In that Opinion And Order, I concluded that, rather than grant Broadspire's Motion To Dismiss, seeking dismissal of plaintiff De Dios's bad faith claim against Broadspire, a third-party claims administrator, I would *sua sponte* certify some form of the following question to the Iowa Supreme Court: In what circumstances, if any, concerning a third-party claims administrator's duties and relationship with a workers' compensation insurer, can an injured employee hold the third-party claims administrator liable for the tort of bad faith for failure to pay workers' compensation benefits? I set a deadline of June 25, 2018, for the parties to offer amendments to this question or to offer different and additional questions to be certified.

Broadspire was the only party to propose alternatives to the question I proposed to certify by the deadline. That same day, however, Broadspire also filed the Motion now before me. De Dios filed no timely resistance to Broadspire's Motion.

As Broadspire points out, Rule 54(b) of the Federal Rules of Civil Procedure authorizes a court to revise an interlocutory order at any time before the entry of judgment. FED. R. CIV. P. 54(b). I have addressed the standard applicable to motions to reconsider interlocutory orders, as follows:

> This court has also noted, "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be [applicable to] a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)." *[Wells' Dairy, Inc. v. Travelers Indemnity Co. of Ill.*, 336 F.Supp.2d 906, 909 (N.D. Iowa 2004)]. Although the standards for reconsideration of interlocutory orders may be less "exacting" than the standards for reconsideration of final orders under Rules 59(e) and 60(b), this court has nevertheless held that it should look to the general principles under Rules 59(e) and 60(b) for guidance when reconsidering a summary judgment ruling pursuant to Rule 54(b). *Id.* (citing *Bragg v. Robertson*, 183 F.R.D. 494, 496 (S.D. W. Va. 1998)). Under Rule 59(e), a judgment may be amended to correct "clearly" or "manifestly" erroneous findings of fact or conclusions of law. *See, e.g., Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988); *Baker v. John Morrell & Co.*, 266 F.Supp.2d 909, 919 (N.D. Iowa 2003).

*Kirt v. Fashion Bug # 3252, Inc.*, 495 F. Supp. 2d 957, 964-65 (N.D. Iowa 2007); *see also John Ernest Lucken Revocable Tr. v. Heritage Bancshares Grp., Inc.*, No. C16-4005-MWB, 2018 WL 2077730, at *2 (N.D. Iowa Jan. 23, 2018) (unpublished op.) (quoting this portion of *Kirt*); *Baldwin v. Estherville, Iowa*, No. C 15-3168-MWB, 2016

WL 7404705, at *1–2 (N.D. Iowa Dec. 21, 2016) (unpublished op.) (quoting this portion of *Kirt*); *Serverside Group, Ltd. v. Tactical 8 Techs., L.L.C.*, 985 F. Supp. 2d 944, 946-47 (N.D. Iowa 19 2014) (citing this portion of *Kirt* ); *Rattray v. Woodbury Cnty.*, Iowa, 908 F. Supp. 2d 976, 984–85 (N.D. Iowa 2012) (quoting this portion of *Kirt*). In *Kirt*, I found this standard was applicable to reconsideration of a summary judgment ruling under Rule 54(b), and I now find that it is applicable to reconsideration of other interlocutory orders, such as a ruling on a motion to dismiss that did not end the action. As the Eighth Circuit Court of Appeals has explained, however, "[a] motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015).

In support of reconsideration, Broadspire argues that, notwithstanding my contrary view, Iowa law is clear that, in order for an entity to be liable for bad faith, there must be an insurer/insured relationship, citing *Bremer v. Wallace*, 728 N.W.2d 803 (Iowa 2007), and to be an "insurer," there must be some affirmative undertaking of the financial and statutory obligations of an insurer, citing *Garien v. Schneider*, 546 N.W.2d 606, 608 (Iowa 1996), and *Reedy v. White Consol. Inds., Inc.*, 503 N.W.2d 601, 603 (Iowa 1993). Broadspire also argues that the critical question to determine whether third-party administrators, such as Broadspire, are the "substantial equivalent" of an "insurer" for purposes of a bad faith claim is not the relationship between the insurer and the third-party administrator, which Broadspire argues was the focus in my Opinion And Order, but the relationship between the third-party administrator and the insured, citing *Raymie v. Ins. Co.*, Case No. 4:09-cv-00222-JAJ, 2009 WL 8621559, *3, (S.D. Iowa 2009).

I am no more convinced now than I was before that *Bremer* definitively states that there must be an insurer/insured relationship for an entity to be liable for bad faith. Rather, when considering whether an uninsured employer could be liable for bad faith

3

failure to pay workers' compensation claims, the court in *Bremer* observed, "the actual *issue in this case* is whether bad-faith tort liability for failing to pay workers' compensation benefits should be imposed under circumstances that do not involve an insurer/insured relationship." *Bremer*, 728 N.W.2d at 806 (emphasis added). However, prior to framing that question in the case before it, the Iowa Supreme Court had noted that the "common thread" for liability for bad faith was "the defendant's status as an insurer, or in the case of a self-insured employer, *the substantial equivalent of an insurer.*" *Id*. at 805 (emphasis added). The court concluded that an uninsured employer was *not* equivalent to an insurer or a self-insured employer, because it did not meet any of the precise statutory and regulatory requirements to acquire the standing of a self-insured employer. *Id*. at 805-06. I note that none of those requirements pertained to the relationship between the uninsured employer and the employee seeking workers' compensation benefits. *Id*. at 805. Thus, as I previously concluded, neither *Bremer* nor any other decision cited by Broadspire decided the question of whether, or under what circumstances, a third-party claims administrator is "the substantial equivalent" of an insurer for purposes of a bad faith claim, let alone held that an insurer/insured relationship is always required. *See also Raymie*, 2009 WL 8621559, at *2 ("Contrary to Defendants' assertions, *Bremer* and *Holst* do not resolve this case, because they do not resolve the issue of whether bad faith tort liability for refusing to pay workers' compensation benefits can be imposed on a third party administrator responsible for administering workers' compensation claims.").

I have reviewed Broadspire's briefing in support of its Motion To Dismiss, and I do not find, in either its opening brief or reply brief, any argument that, to be an "insurer," there must be some affirmative undertaking of the financial and statutory obligations of an insurer, or any citation to either *Garien* or *Reedy*. Thus, that argument is improper on a motion to reconsider. *See Julianello*, 791 F.3d at 923. Nevertheless,

4

as I pointed out in my Opinion And Order, the circumstances De Dios alleged to show that Broadspire is "one and the same as" or the "substantial equivalent of" the actual workers' compensation insurer in this case include that the insurer "entered into a reinsurance agreement with BROADSPIRE for payments made on behalf of workers' compensation claims," Amended Complaint at ¶¶ 7-10, 16, and that Broadspire "had a financial risk of loss for workers' compensation claims it administered on behalf of the INSURANCE COMPANY." Amended Complaint at ¶¶ 12-14. These allegations plausibly suggest that Broadspire had undertaken the financial and other obligations of an insurer.

Finally, I turn to Broadspire's contention that I improperly focused on the relationship between the insurer and Broadspire, when Broadspire contends that the "critical question" is the relationship between the third-party administrator and the insured. As I pointed out in my Opinion and Order, the rejection of a bad faith claim against third-party claims administrators in *Raymie*, on the ground that the third-party claims administrators were not the "substantial equivalent" of the insurer, was subject to two caveats: (1) the third-party claims administrators in question were identified as responsible only for "the investigation and administration" of workers' compensation claims; and (2) the plaintiff failed to cite any Iowa cases holding that third-party claims administrators are the "substantial equivalent" of insurers. Opinion and Order at 15-16 (citing *Raymie*, 2009 WL 8621559, at *2). The "investigation and administration" of workers' compensation claims are not solely matters of the relationship between the insured and the third-party claims administrator, but also involve the relationship between the third-party claims administrator and the claimant. As I pointed out in my Opinion and Order, De Dios has adequately alleged that Broadspire did much more than investigate and administer workers' compensation claims for Indemnity. Opinion And Order at 15-16. It is true that I stated, "[T]he question of whether . . . a third-party

5

claims administrator with the duties and relationship to the insurer [De Dios] alleges, specifically, is the 'substantial equivalent' of the insurer remains an unresolved question under Iowa law." *Id*. at 16. Nevertheless, I had elsewhere in the Opinion And Order taken note of De Dios's allegations about Broadspire's interactions with him, including investigation, administration, approval or denial of his claim, and making timely payments. *Id*. at 3-4, 14. Although Broadspire is correct that the relationship between the insured and the third-party administrator is important to the determination of whether the third-party administrator is "the substantial equivalent" of an "insurer" or can otherwise be held liable for bad faith, I did not completely ignore it, nor has Broadspire demonstrated that it is the only relationship that matters for liability for bad faith under Iowa law.

Broadspire is not entitled to reconsideration of my denial of its Motion To Dismiss on the ground that Broadspire cannot be held liable for bad faith.

In the alternative to reversal of my denial of its Motion To Dismiss on reconsideration, Broadspire asks me to certify my Opinion And Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Broadspire argues that the issue of whether a party that does not insure a loss can be deemed an "insurer" for the purposes of an insurer/insured relationship in order to maintain a claim for bad faith is a controlling question of law; there is a substantial ground for difference of opinion as to what must be alleged to hold a defendant liable for bad faith and whether plaintiff has alleged such facts; and certification to the Eighth Circuit Court of Appeals would materially advance the ultimate termination of the litigation.

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) only where it is "of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty., Iowa v. Piper*

*Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (per curiam) (internal quotation marks omitted). Certification is a matter in the district court's discretion. *See, e.g., Industrial Wire Prods., Inc. v. Costco Wholesale Corp.*, 576 F.3d 516, 519 n.2 (8th Cir. 2009). But so, too, is certification of questions to a state's highest court. *See, e.g, Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

Although I agree that my Opinion and Order involves a controlling question of law on which there is substantial ground for difference of opinion and that certification would materially advance the ultimate termination of the litigation, I conclude that *only certification of the question to the Iowa Supreme Court can provide an ultimate, authoritative answer*. *See, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43, 76 (1997). I conclude that it is an authoritative answer from the Iowa Supreme Court that is the best available avenue to simplifying the ultimate adjudication of De Dios's claim, while cutting costs, reducing delay, and building cooperative judicial federalism. *Id.*; *Schein*, 416 U.S. at 391. Therefore, I also deny Broadspire's alternative request for certification of my Opinion And Order for interlocutory appeal.

THEREFORE, defendant Broadspire's June 25, 2018, Motion For Reconsideration Or, In The Alternative, For Certification For Interlocutory Appeal (docket no. 38) is **denied in its entirety.**

**IT IS SO ORDERED**.

**DATED** this 13th day of July, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA