# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SAMUEL DE DIOS,<br><br>    Plaintiff,<br>vs.<br><br>INDEMNITY INSURANCE COMPANY<br>OF NORTH AMERICA and<br>BROADSPIRE SERVICES, INC.,<br><br>    Defendants. | No. C 18-4015-MWB<br><br>**OPINION AND ORDER<br>CERTIFYING QUESTION TO THE<br>IOWA SUPREME COURT** |

_____

This case is before me on my June 13, 2018, Opinion And Order Regarding Defendant Broadspire's Motion To Dismiss And Regarding Certification Of Questions To The Iowa Supreme Court. In that Opinion And Order, I concluded that, rather than grant Broadspire's Motion To Dismiss, which sought dismissal of plaintiff De Dios's bad faith claim against Broadspire, a third-party claims administrator, I would *sua sponte* certify some form of the following question to the Iowa Supreme Court: In what circumstances, if any, concerning a third-party claims administrator's duties and relationship with a workers' compensation insurer, can an injured employee hold the third-party claims administrator liable for the tort of bad faith for failure to pay workers' compensation benefits? I set a deadline of June 25, 2018, for the parties to offer amendments to this question or to offer different and additional questions to be certified.

Broadspire was the only party to propose alternatives to the question I proposed by the deadline. De Dios also filed no timely response to Broadspire's proposed alternatives.

Broadspire proposes the following alternative questions to be certified to the Iowa Supreme Court: (1) Since third-party administrators, unlike insurance carriers and self-insured employers, do not "insure" losses, may they nonetheless be deemed an "insurer" for purposes of establishing the insured/insurer relationship that is necessary to maintain a claim of bad faith tort liability? and (2) If yes, what specific circumstances must be present in order to find that a third-party administrator is an "insurer" for purposes of the insurer/insured relationship necessary to maintain a claim for bad faith?

I note that these proposed questions both reflect Broadspire's premise that a defendant must be an "insurer" and/or "insure" losses to be liable on a tort claim for bad faith. I rejected that premise in my Opinion And Order. Nevertheless, I recognized a subsidiary question in this litigation is whether the tort of bad faith is only available against an insurer. *See* Opinion And Order, 19. I reiterate my belief that the principal question, as I have formulated it, encompasses this specific subsidiary question. I also believe that the first question proposed by Broadspire improperly narrows the inquiry concerning the circumstances, if any, in which a third-party claims administrator can be held liable for the tort of bad faith.

Broadspire's second proposed question is essentially a paraphrase of the question that I proposed. What is different is that, while improperly narrowing the question to whether or not a third-party claims administrator must be an "insurer" to be liable for bad faith, it broadens (or does not limit) what other circumstances might permit a bad faith claim to lie against a third-party claims administrator, without any apparent limitation to a third-party claims administrator's duties or relationship with a workers' compensation insurer or insured. In ruling on Broadspire's Motion For Reconsideration, I rejected Broadspire's contention that my Opinion And Order had focused exclusively and improperly on the relationship between the third-party claims administrator and the insurer, without considering the relevance or importance of the relationship between the

2

third-party claims administrator and the insured. I do believe, however, that my proposed question for certification did inadvertently focus on the insurer-administrator relationship without explicitly including the administrator-insured relationship or other circumstances, such as regulation. For example, in *Bremer v. Wallace*, 728 N.W.2d 803 (Iowa 2007), the Iowa Supreme Court concluded that an uninsured employer was *not* equivalent to an insurer or a self-insured employer, because it did not meet any of the precise statutory and regulatory requirements to acquire the standing of a self-insured employer. 728 N.W.2d at 805-06.

Consequently, I will revise the question to be certified to the Iowa Supreme Court to ask the following: In what circumstances, if any, can an injured employee hold a third-party claims administrator liable for the tort of bad faith for failure to pay workers' compensation benefits? I believe that this revised question not only encompasses the subsidiary questions I identified in my Opinion And Order, at 19, but the alternative questions proposed by Broadspire, without imposing improper limitations on the inquiry.

I also conclude that certifying this question and staying the trial and the dispositive motions deadline in this case pending an answer are appropriate, notwithstanding that the certified question does not impact De Dios's claims against defendant Indemnity Insurance Company Of North America, the workers' compensation insurer. Much of the proof on the claims against both defendants is likely overlapping, where Broadspire allegedly performed most or all of the acts leading to denial of De Dios's workers' compensation claim, so that separate trials on the claims against the two defendants would be inefficient. The stay does not extend to discovery, however, which I believe can reasonably continue during the pendency of the certified questions before the Iowa Supreme Court, thereby minimizing the effects of any delay while the Iowa Supreme Court considers whether to answer the certified question and, if so, provide an answer. The certified question is dispositive of the only claim against defendant Broadspire. It

would be unwise, in my view, for a single federal district judge, in the absence of clear guidance from the Iowa Supreme Court, to decide this issue. This is precisely the type of question of Iowa law that should be determined by the Iowa Supreme Court. I also find that the parties, including defendant Indemnity, will not be unduly prejudiced by awaiting an answer to the certified question—particularly where I will not stay discovery. In contrast, unnecessary expenses and proceedings could result from my attempt to answer the question, with the likelihood of a subsequent appeal.

THEREFORE,

1. The trial and the dispositive motions deadline in this case are stayed pending answer to the question certified to the Iowa Supreme Court, below.

2. I hereby certify the following question to the Iowa Supreme Court:

> In what circumstances, if any, can an injured employee hold a third-party claims administrator liable for the tort of bad faith for failure to pay workers' compensation benefits?

3. The Clerk of Court shall forward this order and my June 13, 2018, Opinion And Order Regarding Defendant Broadspire's Motion To Dismiss And Regarding Certification Of Questions To The Iowa Supreme Court (docket no. 35) to the Iowa Supreme Court under official seal, as required under Iowa Code § 684A.4, as well as the portions of the record designated by the parties, as set out in the next paragraph.

4. Not later than **August 6, 2018,** the parties shall designate portions of the record for the Clerk of Court to forward to the Iowa Supreme Court under official seal.

5. Pursuant to Rule 6.302(b)(4) of the Iowa Rules of Appellate Procedure, I designate the plaintiff as the party to file the first brief, because the plaintiff asserts the bad faith claim against defendant Broadspire.

6. The parties and their representatives are as follows: Plaintiff Samuel De Dios is represented by Anthony J. Bribriesco, BRIBRIESCO LAW FIRM, PLLC, 2407 18th Street, Suite 200 Bettendorf, IA 52722, and Al Sturgeon, AL STURGEON LAW

OFFICE, 911 – 6th St., Sioux City, IA 51101; defendant Broadspire Services, Inc., is represented by Anthony Lee Osborn and Jeana L. Goosmann, Goosmann Law Firm P.L.C., 410 5th Street, Sioux City, IA 51101, and Jennifer G. Cooper, Alexander F. Koskey, III, and Matthew J. Leonard, Baker, Donelson, Bearman, Caldwell & Berkowitz P.C., 3414 Peachtree Road NE, Suite 1600, Atlanta, GA 30326.

7. The parties shall file status reports promptly upon receiving notice of the Iowa Supreme Court's decision to consider or to decline to consider the certified question and, if the Iowa Supreme Court does consider such certified question, upon notice of a decision by the Iowa Supreme Court.

**IT IS SO ORDERED**.

**DATED** this 16th day of July, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA